# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

PATRICK L. SHERMAN
ADC #96304                                                                                                  PLAINTIFF

V.                                      5:07CV000193 JMM/JTR

ARKANSAS DEPARTMENT OF
CORRECTION, and LARRY NORRIS,
Director, Arkansas Department of Correction                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Maximum Security Unit of the Arkansas Department of Correction ("ADC"), has filed a *pro se*[1] § 1983 Complaint and an Application to Proceed *In Forma Pauperis*. *See* docket entries #1 and #2. For the reasons set forth herein, the Court recommends that the Application to Proceed *In Forma Pauperis* be denied and that this case be dismissed, with prejudice.

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

## II. Discussion

**A.     Three Strikes Provision**

The Prison Litigation Reform Act contains a three-strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

The Court's records demonstrate that Plaintiff has previously filed <u>at</u> <u>least</u> <u>three</u> § 1983 actions that were dismissed for failing to state a claim upon which relief may be granted. *See Sherman v. Rhodes,* 5:96CV00365 JFF; *Sherman v. Norris,* 5:97CV00405 ETR; *Sherman v. Correctional Med. Servs.*, 5:01CV00161 HW.[2] Accordingly, the Court concludes that Plaintiff has accumulated three strikes, as defined by § 1915(g).

**B.     Imminent Danger Exception to the Three Strikes Rule**

Even though Plaintiff is a three striker, he still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule that is set forth in § 1915(g). *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted

---

[2]Additionally, Plaintiff has had <u>at</u> <u>least</u> <u>four</u> § 1983 cases that were dismissed, without prejudice, pursuant to the three strikes rule. *See Sherman v. Wright*; 4:04CV01207 JLH; *Sherman v. Davis*, 4:04CV01234 JMM; *Sherman v. Clark County*, 4:06CV00136 SWW; *Sherman v. ADC*, 5:06CV00051 WRW.

permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.) Furthermore, the Eighth Circuit has been reluctant to apply the imminent danger exception unless the alleged ongoing danger subjects the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048,1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

In his Complaint, Plaintiff alleges that Defendants violated his constitutional rights when they accepted him into the ADC based upon an invalid Judgment and Commitment Order issued by the Clark County Circuit Court on July 25, 1995. *See* docket entry #2. That allegation, accepted as true, does not place Plaintiff in "imminent danger of serious physical injury." Accordingly, the Court concludes that Plaintiff has failed to satisfy the imminent danger exception set forth in § 1915(g).

In such circumstances, it is the Court's usual practice to: (1) deny the Application to Proceed *In Forma Pauperis*; (2) dismiss the case, without prejudice; and (3) give the plaintiff an opportunity to reopen the case if he or she pays the $350 filing fee full. However, because Plaintiff is challenging the legality of his conviction, rather than the conditions of his confinement, his claim must be brought in a federal habeas action (and not a §1983 action) after he has fully exhausted all of his available remedies in state court. *See* 28 U.S.C. § 2254; *Heck v. Humphrey,* 512 U.S. 477

(1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The Court's records demonstrate that Plaintiff has previously filed at least four federal habeas petitions challenging his 1995 state court convictions, and that the Eighth Circuit has denied his request to file a successive habeas petition challenging those convictions. *See Sherman v. Bebee*, 5:07CV00073 SWW/JFF. Plaintiff cannot use a § 1983 action to circumvent his failure to obtain relief in his various habeas actions. Accordingly, the Court recommends that the Complaint be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915A, for failing to state a claim upon which relief may be granted.[3]

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #1) be DENIED, pursuant to the three-strikes provision set forth in 28 U.S.C. § 1915(g).

2. The Complaint (docket entry #2) be DISMISSED, WITH PREJUDICE, pursuant to 28 U.S.C. § 1915A, for failing to state a claim upon which relief may be granted.

---

[3] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 1st day of August, 2007.

_____
UNITED STATES MAGISTRATE JUDGE